## HENRY v. BECKER.
### No. 14462.

Court of Appeal of Louisiana. Orleans.
Nov. 13, 1933.

Rudolph F. Becker, Jr., of New Orleans, in pro. per.

Ed. J. deVerges, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, Anthony Henry, is a building contractor. Defendant, Rudolph F. Becker, Jr., is a practicing attorney in this city. Henry entered into a contract with one A. P. Weixel, under which the former undertook

to construct a building for the latter. When the work was completed it was discovered that the Southern Plumbing & Heating Company had filed a lien in the sum of $76.95 against the property. Becker, as attorney for Weixel, advised him that from the amount due to the contractor a sufficient amount should be retained to make certain that the lien and the cost of erasing it could be paid out of the said amount retained. Thereupon Weixel turned over to Becker $1,188.40 which was the amount of the balance due under the contract. Becker paid to Henry $1,038.40 and retained $150 to make certain that there was enough in his hands to pay the claim of the lienor and the cost of erasing the lien.

Henry, the contractor, through his own attorney, arranged a compromise of the said lien for $30, and Becker paid this amount to the lienor. This left in his possession $120. He deducted therefrom $30, which he claimed as a fee, and then sent to Henry his check for the remaining $90. He inscribed upon the check the words, "In full settlement of claim on 3500 Franklin Ave." Henry refused to accept this check, and, through his attorney, returned it to Becker.

He now sues for $120, the amount which remained in Becker's possession after the erasure of the lien.

Becker denies that he is indebted unto Henry in any sum whatever, claiming that his relations were entirely with his own client, and that there was no privity of contract between him and Henry and asserting that Henry, therefore, has no claim against him.

There was judgment below in favor of Henry and against Becker in the sum of $120. This appeal is the result.

Becker maintains that the funds placed in his hands by Weixel were given him to be used in paying any liens which may have existed and in paying his own fee, and such balance as might remain was to be turned over to Henry as a payment on account of the balance due under the building contract.

In spite of Weixel's effort to corroborate the claim of Becker that he was justified in deducting his fee, the evidence convinces us that it was not contemplated by Weixel that Becker should retain for himself any of the amount deposited with him.

Henry agreed that Becker, as Weixel's attorney, might retain $150 until the lien of the plumbing company was canceled, but had no intention of agreeing to the payment of an attorney's fee. Becker was not Henry's attorney, but represented Weixel. In fact he testified as follows: " * * * I never represented Mr. Henry as an attorney and I was representing Mr. Weixel, adverse to Mr. Henry."

If Becker was entitled to any further fee, he should have demanded it from his own client, and he was not justified in deducting it from funds which, though they were deposited with him by his client, plainly belonged to Henry.

The judgment appealed from is affirmed at the cost of appellant.

Affirmed.